Barker and Others, Commissioners, etc., Appellants.— Order modified by reversing that part of the same which awards costs, and as modified affirmed, without costs.

Appeal by the respondents, Edward P. Barker and others, individually and as commissioners of taxes and assessments, from so much of an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 21st day of July, 1893, as orders that the relator above named have $113.10 costs of this proceeding against the respondents personally. ·

Per Curiam: There being no evidence that the appellants acted with gross negligence, in bad faith or with malice, the court below should not have awarded costs. Order appealed from modified by reversing that part of the same which awards costs, and as modified affirmed, without costs.

New York Breweries Company, Limited, Appellant, v. Edward P. Nichols and Others, Respondents.— Order modified as directed in opinion, and as modified affirmed, without costs.—

Per Curiam: An extra allowance to parties defendant cannot exceed five per cent on amount involved. If such defendants appear by separate attorneys, an extra allowance equal to five per cent may be apportioned between them, but cannot be allowed to each. (La ie v. Kennedy, 63 How. Pr. 237.) On this motion for leave to discontinue, the court determined that there should be allowed to each party appearing an extra allowance of five per cent. This was error, and the order should be so modified as to provide for an extra allowance of $125 to each defendant or set of defendants separately appearing, without costs.

The People of the State of New York ex rel. Thurber-Whyland Company, Appellant, v. Edward P. Barker and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements.—

Per Curiam: It does not seem to be necessary to decide the question as to whether, when an assessment is levied under section 1 of chapter 37 of the Laws of 1855, which provides for the levying of assessments on all sums invested in any manner in business by all persons and associations doing business in the State of New York, the general indebtedness of such person or association should be considered, because if debts are to be deducted from the sums invested in any manner in said business, then certainly outstanding credits must be considered. For, in order to determine what debts are chargeable to capital, the moneys to be received and properly applicable to the payment of debts in the ordinary course of business must be taken into account. Adopting this rule it follows that the assessment is correct. The order should be affirmed, with ten dollars costs and disbursements.

The Mercantile Deposit Company, Appellant, v. Charles L. Dimon, as Administrator, etc., Respondent.— Order reversed and motion for continuing injunction granted, with ten dollars costs and disbursements of this appeal, and ten dollars costs of motion in court below to abide final event of action.—

Per Curiam: It satisfactorily appears to us that the Mercantile Safe Deposit Company cannot with safety to itself deliver the property, the subject-matter of this action, to either of the claimants. Therefore, it has a right to maintain this action of interpleader and be protected from other claims and litigations in respect to this property. The order appealed from should be reversed and the motion for continuing the injunction granted,

with ten dollars costs and disbursements of this appeal, and ten dollars costs of the motion in the court below, to abide the final event of the action.

In the Matter of the Application of the Metropolitan Elevated R. R. Co., Respondent, to Acquire Title, etc., to 694 Sixth Avenue, etc., Owned by Hyman Israel, Appellant.— Award and order affirmed, with costs.

Follett, J.: This proceeding was begun September 16, 1889, and July 7, 1890, an amended petition was filed. December 2, 1890, the appellant filed an answer, and March 12, 1891, an order was granted appointing commissioners to appraise the compensation which the respondent should pay to the appellant for the property taken, from which order no appeal has been taken. On March 21, 1891, the date fixed in the order for the first meeting of the commissioners, they met and took the oath prescribed by the statute, at which meeting the appellant was represented by counsel. The hearing of this and other like proceedings was adjourned to · March 26, 1891, with the understanding that the commissioners would hear the proceedings in numerical order, and that when they were ready to proceed with the respondent's case, both sides should have notice. September 28, 1892, the commissioners gave the attorneys for the respective parties notice that they would hear the appellant's case October 3, 1892. On that date the commissioners met and the counsel for the respondent attended, but the counsel for the appellant did not attend, but sent a note requesting the adjournment until December. The commissioners adjourned the proceedings until the next day and one of them notified the appellant's counsel, who agreed to be present, but he did not appear. The respondent appeared by counsel. The commissioners then adjourned until October fifth, when the counsel for the respondent appeared, but no one appeared in behalf of the appellant. It was then stated that an agreement had been made between the counsel that the matter should be adjourned until October eleventh, to which date an adjournment was had, on which day counsel for the respondent appeared, but there was no appearance for the appellant. The hearing was then adjourned to October thirteenth. When the commissioners met, counsel for the respondent appeared, but there was no appearance by the appellant. The matter was then adjourned until the afternoon of that day. It was then proved before the commissioners that in the morning of that day the counsel for the respondent gave the counsel for the appellant notice that the matter had been adjourned until half-past one of that day, and that the railroad would then proceed with its proof, and that the counsel for the appellant made no reply. On that date the commissioners took the evidence and on the 18th of October, 1892, signed an award that the appellant was entitled to receive six cents. Thereafter, a motion was made for the confirmation of the report. On the hearing of this motion counsel for the appellant appeared and asked to have his default opened and that he be permitted to try the case before the commissioners. The Special Term refused to open the default and confirm the award. On looking over the record we are unable to find any valid excuse for the appellant's numerous defaults, and we think that he made no case for being allowed to open his default and try the case before the commissioners. Unusual facilities were offered by the commissioners to the landowner to present his evidence, if he had any, but this he refused to do. We think the Special Term correctly held that the land-

,owner had not excused his default. There is no evidence in the record which shows that the appellant sustained more damages than were awarded. The award and order should be affirmed, with costs. O'Brien and Follett, JJ., concurred.

Charles A. Breck, Appellant, v. Frederick A. Ringler, Respondent.— Judgment affirmed, with costs.—

PARKER, J.: The appellant presents for review a judgment entered on a dismissal of the complaint at the close of plaintiff's case. This determination of the court seems to have been required by the decision of the Court of Appeals in this action on review of a former judgment rendered in favor of the plaintiff (129 N. Y. 656). The plaintiff has produced five additional witnesses on this

trial, and proved several facts not in evidence on the former hearing, but the matters now for the first proven, are not of such a character as entitle the plaintiff to go to the jury under the construction which has been given to the contract. The judgment should be affirmed, with costs. O'Brien and Follett, JJ., concurred.

Louis Bauer, Appellant, v. James S. Thurston, Impleaded, etc., Respondent.— Interlocutory judgment sustaining the demurrer reversed, with costs, and the demurrer overruled, with leave to answer within twenty days on payment of twenty dollars costs.

John B. Solley, Respondent, v. John B. McGeorge, Appellant.— Order affirmed, with ten dollars costs and printing disbursements.

## FIFTH DEPARTMENT, OCTOBER TERM, 1893.

Osceola Goodelle and Another. Respondents, v. Emerson J. Eddy, Appellant.— Judgment and order appealed from affirmed.

Henry Dale and Others, Respondents, v. Frank T. Gilbert, as Sheriff, etc., Appellant.— Order appealed from affirmed. with ten dollars costs and disbursements. Lewis, J., not sitting

In the Matter of the Judicial Settlement of the Accounts of Hiram Thornton, as Trustee under the Will of Mary Morgan, Deceased.— Decree of the Surrogate's Court of Cayuga county affirmed, with costs.

Judith M. Traver, Appellant, v. Thomas O. Purdy, Impleaded, etc., Respondent.— Judgment appealed from affirmed, with costs, upon the reasons stated in the opinion of Rumsey, J., at Special Term.

Jonas Garter, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order appealed from affirmed on the authority of *Garter* v. *Same* (138 N. Y. 672). Lewis, J., not sitting.

William A. Hetzler, Appellant, v. Thomas C. Hodgson, as Sheriff, etc., Respondent.— Judgment and order appealed from affirmed.

Joseph C. Wilson, Appellant, v. Margaret A. Marion and Others, Respondents.— Judgment appealed from affirmed, with costs, on the opinion of the referee.

William F. Peck, Respondent, v. Josias W. Jones and Lovina L. Jones, Appellants.— Judgment appealed from affirmed, with costs.

Willard C. Tyler, as Administrator, etc., Respondent, v. Edward L. Parker, as Assignee, etc., and Others, Appellants.— Judgment appealed from modified by striking out the clause awarding execution, and, as so modified, affirmed, with costs.

Eulalia H. Meads, as Administratrix, etc., Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Order appealed from affirmed.

Richard P. McBride, Respondent, v. Frank O. Chamberlain and Charles B. Lapham, as Administrators, etc., Appellants.— Judgment appealed from affirmed.

Edwin W. Montgomery, Respondent, v. William S. Gubelmann and Alice B. V. Field, Appellants.— Judgment appealed from affirmed.

Farley W. Gray, as Administrator, etc., Respondent, v. The Town of Caneadea, Appellant.— Interlocutory judgment appealed from affirmed, with costs, but with leave to withdraw demurrer and answer over within twenty days on payment of the costs of the demurrer and of this appeal.

The Village of Nunda, Plaintiff, v. Frank J. McNeal, as Sheriff, etc., Defendant.— De-

fendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.

Charles B. Lapham, Respondent, v. Richard P. McBride, Appellant.— Judgment and order appealed from affirmed.

Anna Ryan, Appellant, v. Frank E. Smith, Respondent.— Judgment appealed from affirmed on the authority of *Comstock* v. *Hopkins* (61 Hun, 189).

Madge M. Harter, Respondent, v. The Town of Moravia, Appellant.— Order appealed from affirmed, with costs.

### Motions.

Timothy Sheehan v. Albert H. Pierce.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted, on the ground that a question of law is involved which ought to be reviewed by that court.

Ann Lee, Administratrix, etc., Appellant, v. John Van Voorhis and Others, Respondents.— Motion to dismiss appeal granted, unless appellant, within twenty days, restores to the depository the amount of money withdrawn by her therefrom. If such amount is restored, the motion is denied.

William Miller and Others, Respondents, v. Elijah Boyer, Appellant.— Motion to dismiss appeal denied and case struck from the calendar.

Hugh Merancy Murphy v. James W. Whitney.— Motion for reargument denied and leave to appeal to the Court of Appeals granted, on the ground that in our opinion the questions arising therein are of sufficient importance to render a decision of that court desirable before proceeding farther.

Martin Mahoney v. Julia A. Mahoney.— Motion for reargument denied.

Alexander McAndrew, Respondent, v. The Lake Shore and Michigan Southern Railroad Company, Appellant.— Motion for reargument denied, with ten dollars costs.

Allegany Lumber Company, Limited, Appellant, v. William Hoyt and Another, as Surviving Partners, Respondents.— Motion for judgment denied and case struck from the calendar.

Richard Foran v. The New York Central and Hudson River Railroad Company.— Judgment modified in accordance with the stipulation of the attorneys.

Sophia Quigley v. The City of Rochester.— Motion to dismiss appeal denied.

Joseph Van Camp v. Edward P. Searle and Others.— Motion to dismiss appeal, etc., denied.